## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

PHILLIP C. MADDOX
ADC #135004                                                                    PLAINTIFF

v.                              CASE NO: 3:11cv00060 BSM

MISSISSIPPI COUNTY JAIL et al.                                    DEFENDANTS

## ORDER

Plaintiff Phillip C. Maddox ("Maddox"), currently held at the Mississippi County

Detention Facility, filed this *pro se* complaint [Doc. No. 2], pursuant to 42 U.S.C. § 1983,

on March 30, 2011, naming as defendants the Mississippi County Jail, Judge Brent Davis,

and Lt. Brian Betts of the Mississippi County Detention Facility. Because Maddox has failed

to state a claim upon which relief may be granted, his complaint must be dismissed.

## I. SCREENING

Before docketing the complaint, or as soon thereafter as practicable, the complaint

must be reviewed to identify cognizable claims or dismiss the complaint if it: (1) is frivolous

or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555

(2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure

to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .

Factual allegations must be enough to raise a right to relief above the speculative level,"

*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

2004). A complaint must contain enough facts to state a claim to relief that is plausible on

its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations, however,

must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043,

1043-1044 (8th Cir.2002) (citations omitted).

## II. ANALYSIS

According to the complaint, Maddox was transported to the Mississippi County Jail

and held on a bench warrant for missing a February 23, 2011, court date. On March 14, 2011,

Maddox appeared before Davis.  Maddox demonstrated to Davis that he was being held in

another jail at the time he missed court, and Davis ordered Maddox to be released, but failed

to provide him with proof of the order. Despite the order, Maddox has been told by jail

officials that they have no proof of the order, and Maddox remains detained.  Maddox seeks

compensation for his "ongoing suffering" in the jail. Because Maddox has failed to state a

claim for relief, his complaint must be dismissed.

The Mississippi County Jail is not an entity subject to suit under § 1983, and

Maddox's claims against it must therefore be dismissed. *See Owens v. Scott County Jail*, 328

F.3d 1026, 1027 (8th Cir. 2003) (county jails are not legal entities amenable to suit).

Maddox's allegations against Davis concern his actions as a judge during Maddox's court

appearance. "Judges performing judicial functions enjoy absolute immunity from § 1983

2

liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Because Davis's actions during Maddox's court appearance are judicial acts, Davis enjoys absolute immunity.

Although Betts is subject to suit, it is clear that any judgment in Maddox's favor would imply the invalidity of his current incarceration, and any claims he has against Betts must also be dismissed. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*. at 486-487. There is no indication that Maddox's detention has been called into question by issuance of a federal writ of *habeas corpus*, and any judgement in his favor would certainly imply the invalidity of his continued incarceration.

Maddox's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or

indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment). Concerning exhaustion, there is no indication that Maddox has even complained of his continued incarceration to Davis, who has, according to Maddox, ordered his release.

## III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.    Maddox's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2.    Maddox's complaint is DISMISSED WITH PREJUDICE with respect to his claims against defendants Brent Davis and the Mississippi County Jail.

3.    Maddox's claim is DISMISSED WITHOUT PREJUDICE with respect to his claims against defendant Brian Betts.

4.    This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5.    It is certified that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 7th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE